## BATES *vs.* MESSER.

CERTIORARI, FROM JACKSON. Continuance. Appeal. Practice in Supreme Court. Distress Warrant. (Before Judge Hutchins.)

Hall, J.—1. There was no error in refusing to grant a continuance on the ground of the absence of a witness, where the party applying therefor showed no diligence and failed to testify that the witness had been subpœned; that he was not absent by the permission, directly or indirectly, of the applicant; that he expected to be able to procure his testimony at the next term of court; and that the application was not made for the purpose of delay, but to enable the applicant to procure the testimony of the witness. Code, §§3522, 2528, and cit.

(a)   Questions not made and determined in the lower court will not be decided here.

2.   The right of appeal from the judgment of a justice to a jury in that court exists in all civil cases, whether the judgment of the justice was rendered upon questions of law or of fact or upon a combination of both.   Code, §§4157, 4157 (a).

3.   There was sufficient evidence to sustain the finding of the jury in the justice's court, and there was no error in refusing to set it aside.

(a)   No question was made as to the legal sufficiency of the affidavit and the distress warrant in this case, and they substantially complied with the law.   Code, §2285.

Judgment affirmed.

W. L. Marler; W. I. Pike, for plaintiff in error.

J. A. B. Mahaffey, by brief, for defendant.